# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 9, 2024

Lyle W. Cayce
Clerk

———————

No. 23-20139

———————

Javier Tapia, *Individually and as Personal Representative of* the Estate of A.W.T.; Jennifer Welborn,

*Plaintiffs—Appellants*,

*versus*

Union Pacific Railroad Company,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-42

———————————————————

Before King, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Avery Tapia was hit and killed by a Union Pacific train while on a railroad-only bridge in Houston's Memorial Park. Following the accident, Avery's parents sued Union Pacific in state court for negligence and gross negligence. Union Pacific removed to federal court and moved for summary

———————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 23-20139

judgment, arguing that it did not proximately cause Avery's death, did not owe Avery a duty of ordinary care, and did not breach any such duty.

Without addressing the elements of duty or breach, the district court determined that proximate cause was lacking and granted summary judgment in favor of Union Pacific. The support for the district court's decision on proximate cause came almost exclusively from the dissenting opinion in *Missouri, Kansas & Texas Railway Co. v. Riddle*, 277 S.W. 164, 166 (Tex. App.—Waco 1925, writ ref'd). Irrespective of the ultimate outcome in this case, for this reason, we cannot say that the district court's order granting summary judgment was free of error.

The judgment of the district court is VACATED, and the case is REMANDED for further proceedings.